# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICHAI VONGSVIRATES,<br><br>       Plaintiff,<br><br>   v.<br><br>RUSHMORE LOAN MANAGEMENT SERVICES,<br><br>       Defendant. | Case No. 1:21-cv-00012-NONE-SAB<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

Vichai Vongsvirates ("Plaintiff") is proceeding in in this action *pro se* and *in forma pauperis*. Currently before the Court is Plaintiff's complaint, filed on January 4, 2021. (ECF No. 1.)

## I.

## SCREENING STANDARD

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis*

proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim).  The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## II.

## ALLEGATIONS IN COMPLAINT

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff brings this action against Rushmore Loan Management Services on the basis of federal question and diversity jurisdiction.  (Compl. 3, 4.[1])  Plaintiff alleges that he is a citizen of California and that Rushmore Loan Management Services is a corporation under the laws of Texas with its principal place of business in Texas.  (Id.)  Plaintiff alleges that due to the mortgage disaster around 2011 the note and deed of trust have taken "divergent paths" causing a

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1   cloud on the title to property at 74507 Letzring Lane in Bakersfield, California.  (Id. at 4.)
2   Plaintiff has been suffering from prostate and spinal cancer for the past year and has been in and
3   out of surgery, chemotherapy, radiation treatment, and on heavy pain medication.  (Id.)  Plaintiff
4   contends that there have been improper mortgage company procedures, both servicing through
5   an independent broker and otherwise, and improper noticing of the mortgage note and deed
6   activities.  (Id. at 4-5.)  He asserts that due to the cloud on the title of the property there is no
7   definitive claim of ownership of the note because of the divergent paths taken by the note and
8   deed of trust.  (Id. at 5.)  Plaintiff asserts that since there is no valid trustee deed Defendant's
9   claim to the property is null and void.  (Id.)

10        Plaintiff brings this action alleging violations of 42 U.S.C. § 264(e), 42 C.F.R. § 70.2, 5
11  U.S.C. § 553(b)(3)(b) and is seeking criminal penalties under 18 U.S.C §§ 3559, 3571; 42 U.S.C.
12  §§ 243, 268, 271; and 42 C.F.R. § 70.18.  (Compl. 3.)  He also states that the improper mortgage
13  company procedures denied him of due process and this action is for fraud, negligence, and
14  misrepresentation.  (Id. at 5.)  Plaintiff is seeking monetary and punitive damages in the amount
15  of $400,000.00.  (Id.)

16        Based upon review of the exhibits that are attached to the complaint, the subject property
17  was sold at a trustee sale on November 23, 2020, and the proceeds exceeded the amount of the
18  foreclosure and indebtedness that was owed to the foreclosing beneficiary.  (Notice of Surplus
19  Proceeds, ECF No. 1 at 9.)  On December 4, 2020, Plaintiff was served with a notice that the
20  property had been purchased at a trust deed foreclosure sale in accordance with section 2924 of
21  the California Civil Code on November 23, 2020 and they had three days if a tenant and ninety
22  days if a former owner to quit and deliver up possession of the property.  (Three and Ninety Day
23  Notice to Quit, ECF No. 1 at 14.)

24                                              **III.**

25                                        **DISCUSSION**

26        Plaintiff's complaint fails to allege sufficient facts to state a plausible claim in this action.
27  Plaintiff shall be provided with the legal standards that apply to his claims and be granted an
28  opportunity to file an amended complaint.

1    **A.      Federal Question Jurisdiction**

2    Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to

3    that granted by Congress.  U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000).  Pursuant to 28

4    U.S. C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the

5    Constitution, laws, or treaties of the United States.  "A case 'arises under' federal law either

6    where federal law creates the cause of action or where the vindication of a right under state law

7    necessarily turns on some construction of federal law."  Republican Party of Guam v. Gutierrez,

8    277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting Franchise Tax Bd.

9    v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983) (citations omitted)).  "[T]he

10   presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint

11   rule,' which provides that federal jurisdiction exists only when a federal question is presented on

12   the face of the plaintiff's properly pleaded complaint."  Republican Party of Guam, 277 F.3d at

13   1089 (citations omitted).

14   For the reasons discussed below, Plaintiff's complaint fails to allege facts to state a claim

15   based on any violation of his constitutional rights or federal law.

16   1.      42 U.S.C. § 264(e)

17   Plaintiff brings this action under 42 U.S.C. § 264 which addresses regulations to control

18   communicable diseases.  Specifically, Plaintiff cites to subsection e which states, "Nothing in

19   this section or section 266 of this title, or the regulations promulgated under such sections, may

20   be construed as superseding any provision under State law (including regulations and including

21   provisions established by political subdivisions of States), except to the extent that such a

22   provision conflicts with an exercise of Federal authority under this section or section 266 of this

23   title."  Section 266 authorizes the Secretary to provide regulations and to quarantine persons to

24   protect the military and naval forces and war workers of the United States during times of war.

25   42 U.S.C. § 266.  Section 264 does not apply to the claims raised in this action.

26   2.      42 C.F.R. § 70.2

27   Similarly, 42 C.F.R. § 70.2 provides that when the Director of the Centers for Disease

28   Control and Prevention determines that measures taken by state health authorities are insufficient

1   to prevent the spread of any communicable disease, he or she may take any measures necessary

2   to prevent the spread of the disease.  This section does not apply to the claims raised in this

3   action.

4       3.    <u>5 U.S.C. § 553(b)(3)(B)</u>

5   The next section relied on by Plaintiff is 5 U.S.C. § 553(b)(3)(B) which addresses the

6   general notice of proposed rulemaking which is inapplicable here.

7       4.    <u>Criminal Penalties</u>

8   Plaintiff seeks criminal penalties under 18 U.S.C §§ 3559, 3571; 42 U.S.C. §§ 243, 268,

9   271; and 42 C.F.R. § 70.18.  "[T]he fact that a federal statute has been violated and some person

10  harmed does not automatically give rise to a private cause of action in favor of that person."

11  <u>Touche Ross & Co. v. Redington</u>, 442 U.S. 560, 568 (1979) (quoting <u>Cannon v. University of

12  Chicago</u>, 441 U.S. 677, 688 (1979).  Rather, the court is to consider Congress intended to create

13  the private right of action in the statute and begins with the language of the statute itself.  <u>Touche

14  Ross & Co.</u>, 442 U.S. at 568.  "Civil causes of action ... do not generally lie under the criminal

15  statutes contained in Title 18 of the United States Code."  <u>Del Elmer; Zachay v. Metzger</u>, 967 F.

16  Supp. 398, 403 (S.D. Cal. 1997).  Here, the sections cited under Title 18 address sentencing and

17  fines for criminal offenses and do not set forth a private cause of action or imply that a cause of

18  action exists to allow Plaintiff to seek a remedy in this action.

19  Similarly, the public health statutes cited by Plaintiff do not imply that a private cause of

20  action exists nor are they related to Plaintiff's claims regarding the title to the subject property.

21  Section 243 addresses the cooperation between state and federal agencies in controlling

22  epidemics of disease and provides for assistance to the states, that the federal government may

23  charge reasonable fees to private entities for training personnel, and may provide assistance to

24  states or localities in meeting health emergencies that warrant federal assistance and

25  reimbursement may be required if the Secretary determines it is reasonable under the

26  circumstances.  42 U.S.C. § 243.

27  Section 268 provides that "[i]t shall be the duty of the customs officers and of Coast

28  Guard officers to aid in the enforcement of quarantine rules and regulations; but no additional

compensation, except actual and necessary traveling expenses, shall be allowed any such officer by reason of such services.   42 U.S.C. § 268(b).   Section 271 provides for a fine and imprisonment for any person who disregards a quarantine rule or regulation without the permission of the quarantine officer; and for forfeiture of up to $5,000.00 that would become a lien on the vessel for any vessel that does not possess a bill of health or violates any regulations under section 267 or 269 of Title 42, or enters in "or departs from the limits of any quarantine station, ground, or anchorage in disregard of the quarantine rules and regulations or without permission of the officer in charge." 2 U.S.C. § 271(a)(b).  "In all such proceedings the United States attorney shall appear on behalf of the United States; and all such proceedings shall be conducted in accordance with the rules and laws governing cases of seizure of vessels for violation of the revenue laws of the United States."  42 U.S.C. § 271(b).  Finally, 42 C.F.R. § 70.18 provides for fines and imprisonment for violations of quarantine regulations.

5.   <u>Section 1983</u>

Plaintiff contends that Defendant has violated his right to due process through improper mortgage company procedures, in servicing through an independent broker/realtor and improper noticing of the mortgage note and deed activities.  (Compl. at 5.)  Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law.  <u>Nurre v. Whitehead</u>, 580 F.3d 1087, 1092 (9th Cir 2009); <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006); <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).

In this action, Plaintiff names as a defendant the company that was servicing his mortgage.   An individual acts under color of state law under section 1983 where he has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' " <u>West v. Atkins</u>, 487 U.S. 42, 49 (1988) (quoting <u>United States v. Classic</u>, 313 U.S. 299, 326 (1941)).  This does not require that the defendant be an employee of the state, but he must be "a willful participant in joint action with the State or its agents.  Private persons, jointly engaged with state officials in the challenged action, are acting see 'under color' of law for purposes of § 1983 actions." <u>Dennis v. Sparks</u>,

449 U.S. 24, 27–28 (1980).  Here, there are no facts alleged by which the Court could infer that Defendant was acting under color of law in servicing the mortgage on the subject property nor that state action was involved in the transfer of the deed of trust or mortgage note.

Further, to the extent that Plaintiff seeks to allege a due process violation based upon the nonjudicial foreclosure on his property, "[t]he Ninth Circuit Court of Appeals has held that a private entity's use of a state's non-judicial foreclosure procedures does not constitute state action sufficient to support a claim of a violation of Fourteenth Amendment due process rights under Section 1983."  Kuder v. Haas, No. 2:10-CV-00404, 2010 WL 4983455, at *5 (E.D. Cal. Dec. 2, 2010), report and recommendation adopted, No. 2:10-CV-00404-MCE, 2011 WL 346442 (E.D. Cal. Feb. 1, 2011).

Plaintiff has failed to allege any claims that would provide federal question jurisdiction in this action.

**B.      Jurisdiction Based on Diversity of Citizenship**

Plaintiff also alleges that diversity jurisdiction exists.  District courts also have original jurisdiction of all civil actions between citizens of different States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).  This requires complete diversity of citizenship and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."  Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted).

Here, Plaintiff alleges that he is citizen of California and that Defendant is a corporation organized in and with its principle place of business in Texas.  Courts may take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  The Court takes judicial notice of the records of the State of Texas.  Daniels –Hall v. National Educ. Ass'n, 629 F.3d 992, 998-99 (9th Cir. 2010).  The records of the Comptroller's Office for the State of Texas show that Rushmore Loan Management Services is a limited liability company, not a corporation.  See Public Information Report for Rushmore Loan

1  Management Services LLC, available at https://mycpa.cpa.state.tx.us/coa, search Rushmore

2  Loan Management Services, last visited January 7, 2021.  A limited liability company is a citizen

3  of every state of which its owners or members are citizens.  Johnson v. Columbia Properties

4  Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).  Plaintiff has not alleged the citizenship of the

5  owners or members of Rushmore Loan Management Company and therefore diversity of

6  citizenship has not been shown to exist.

7      Since Plaintiff is being provided with leave to file an amended complaint, the Court will

8  provide the standards that apply to his state law claims in case he is able to correct the

9  jurisdictional deficiencies identified.

10      1.    Fraud

11      While Rule 8 applies to the other claims in this action, allegations of fraud of subject to

12  the pleading requirement of Rule 9 of the Federal Rules of Civil Procedure.  Rule 9 provides that

13  "[i]n alleging fraud or mistake, a party must state with particularity the circumstances

14  constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  This requires a plaintiff to plead with "more

15  specificity including an account of the time, place, and specific content of the false

16  representations as well as the identities of the parties to the misrepresentations."  Swartz v.

17  KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (internal punctuation and citations omitted).

18  Plaintiff's conclusory allegation of fraud is insufficient to plead fraud with particularity as

19  required under Rule 9.

20      To allege fraud with particularity, a plaintiff must set forth more than the neutral
       facts necessary to identify the transaction.  The plaintiff must set forth what is
21     false or misleading about a statement, and why it is false.  In other words, the
       plaintiff must set forth an explanation as to why the statement or omission
22     complained of was false or misleading.  A plaintiff might do less and still identify
       the statement complained of; indeed, the plaintiff might do less and still set forth
23     some of the circumstances of the fraud.  But the plaintiff cannot do anything less
       and still comply with Rule 9(b)'s mandate to set forth with particularity those
24     circumstances which constitute the fraud.

25  In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994).

26      The elements of a fraud claim under California law are "(a) misrepresentation (false

27  representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent

28  to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage."  Kearns v.

1  Ford Motor Co., 567 F.3d 1120, 1126 (9th Cir. 2009); Lazar v. Superior Court, 12 Cal. 4th 631,

2  638 (1996).

3         2.     Misrepresentation

4        Plaintiff also makes conclusory allegations of misrepresentation which are insufficient to

5  state a cognizable claim.  "The elements of a cause of action for intentional misrepresentation are

6  (1) a misrepresentation, (2) with knowledge of its falsity, (3) with the intent to induce another's

7  reliance on the misrepresentation, (4) actual and justifiable reliance, and (5) resulting damage."

8  Zetz v. Bos. Sci. Corp., 398 F. Supp.3d700, 712 (E.D. Cal. 2019) (quoting Daniels v. Select

9  Portfolio Servicing, Inc., 246 Cal.App.4th 1150, 1166 (2016).   The elements of negligent

10  misrepresentation are: "(1) a misrepresentation of a past or existing material fact, (2) without

11  reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the

12  fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to

13  whom the misrepresentation was directed, and (5) damages."   Zetz, 298 F.Supp.3d at 713

14  (quoting Fox v. Pollack, 181 Cal.App.3d 954, 962 (1986)).

15        Further, Plaintiff is advised that a claim that a defendant engaged in a unified course of

16  fraudulent conduct is grounded in fraud and the complaint as a whole must satisfy the

17  particularity pleading requirement of Rule 9(b).   Kearns, 567 F.3d at 1125; Vess v. Ciba-Geigy

18  Corp. USA, 317 F.3d 1097, 1104 (9th Cir. 2003).   Therefore, a fraudulent misrepresentation

19  claim will also be subject to pleading requirement of Rule 9.  See Zetz, 298 F.Supp.3d at 713.

20         3.     Negligence

21        Plaintiff makes a conclusory allegation of negligence that is insufficient to state a

22  plausible claim. Under California law "[t]he elements of a negligence cause of action are: (1) a

23  legal duty to use due care; (2) a breach of that duty; (3) the breach was the proximate or legal

24  cause of the resulting injury; and (4) actual loss or damage resulting from the breach of the duty

25  of care."  Brown v. Ransweiler, 171 Cal.App.4th 516, 534 (2009); accord Mendoza v. City of

26  Los Angeles, 66 Cal.App.4th 1333, 1339 (1998).

27      **C.**    **Leave to Amend**

28        Plaintiff's complaint has failed to state a cognizable claim.  Under Rule 15(a) of the

1  Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires.

2  Fed. R. Civ. P. 15(a)(2).  Plaintiff shall be granted leave to file an amended complaint to correct

3  the deficiencies identified in this order.

4        Plaintiff is advised that under <u>Twombly</u> and <u>Iqbal</u> "a complaint must contain sufficient

5  factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Iqbal</u>, 556

6  U.S. at 678.  This requires factual content for the court to draw the reasonable inference that the

7  defendant is liable for the alleged misconduct.  <u>Id.</u>  A complaint stops short of the line between

8  probability and the possibility of relief where the facts pled are merely consistent with a

9  defendant's liability.  <u>Id.</u>  Further, while the court is to accept all "well pleaded factual

10  allegations" in the complaint as true, <u>id.</u> at 679, it is not bound to accept as true labels,

11  conclusions, formulaic recitations of the elements of a cause of action or legal conclusions

12  couched as factual allegations, <u>Twombly</u>, 550 U.S. at 555.  Finally, the conclusory allegations in

13  the complaint are not entitled to the presumption of truth.  <u>Iqbal</u>, 556 U.S. at 681.

14  **IV.**

15  **CONCLUSION AND ORDER**

16        For the reasons discussed, Plaintiff has failed to state a cognizable claim for a violation of

17  his federal rights.  Plaintiff shall be granted leave to file an amended complaint to cure the

18  deficiencies identified in this order.  <u>See Lopez</u>, 203 F.3d at 1127.

19        Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

20  each named defendant did that led to the deprivation of Plaintiff's constitutional rights, <u>Iqbal</u>,

21  556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to

22  raise a right to relief above the speculative level . . . ."  <u>Twombly</u>, 550 U.S. at 555 (citations

23  omitted).  Further, Plaintiff may not change the nature of this suit by adding new, unrelated

24  claims in his amended complaint.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no

25  "buckshot" complaints).

26        Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.

27  <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended

28  complaint must be "complete in itself without reference to the prior or superseded pleading."

1  Local Rule 220.

2        Based on the foregoing, it is HEREBY ORDERED that:

3     1.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file

4          an amended complaint; and

5     2.     If Plaintiff fails to file an amended complaint in compliance with this order, the

6          Court will recommend to the district judge that this action be dismissed consistent

7          with the reasons stated in this order.

8

9  IT IS SO ORDERED.

10  Dated:   **January 8, 2021**

                                      UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28