1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICHAI VONGSVIRATES, | Case No. 1:21-cv-00012-NONE-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO STATE A CLAIM AND FAILURE TO COMPLY AND FAILURE TO PROSECUTE |
| v. | |
| RUSHMORE LOAN MANAGEMENT SERVICES, | (ECF Nos. 1, 4) |
| Defendant. | OBJECTIONS DUE WITHIN THIRTY DAYS |

Vichai Vongsvirates ("Plaintiff") is proceeding in this action *pro se* and *in forma pauperis*. On January 8, 2021, a screening order issued finding that Plaintiff had failed to state a cognizable claim and granting Plaintiff leave to file an amended complaint within thirty days. (ECF No. 4.) More than thirty days have passed and Plaintiff has not filed an amended complaint or sought an extension of time to do so. For the reasons discussed below, the Court recommends that Plaintiff's complaint be dismissed for failure to state a claim and this action be dismissed for Plaintiff's failure to comply with the January 8, 2021 screening order and failure to prosecute.

## I.

## SCREENING STANDARD

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court

1  determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which
2  relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from
3  such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000)
4  (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners);
5  Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis*
6  proceedings which seek monetary relief from immune defendants); Cato v. United States, 70
7  F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis*
8  complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998)
9  (affirming *sua sponte* dismissal for failure to state a claim). The Court exercises its discretion to
10 screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii)
11 fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a
12 defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

13        In determining whether a complaint fails to state a claim, the Court uses the same
14 pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a
15 short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R.
16 Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the
17 elements of a cause of action, supported by mere conclusory statements, do not suffice."
18 Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.
19 544, 555 (2007)).

20        In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and
21 accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89,
22 94 (2007).

23                                              **II.**

24                            **ALLEGATIONS IN COMPLAINT**

25        The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of
26 the *sua sponte* screening requirement under 28 U.S.C. § 1915.

27        Plaintiff brings this action against Rushmore Loan Management Services on the basis of
28

2

federal question and diversity jurisdiction. (Compl. 3, 4.[1]) Plaintiff alleges that he is a citizen of California and that Rushmore Loan Management Services is a corporation under the laws of Texas with its principal place of business in Texas. (Id.) Plaintiff alleges that due to the mortgage disaster around 2011 the note and deed of trust have taken "divergent paths" causing a cloud on the title to property at 74507 Letzring Lane in Bakersfield, California. (Id. at 4.) Plaintiff has been suffering from prostate and spinal cancer for the past year and has been in and out of surgery, chemotherapy, radiation treatment, and on heavy pain medication. (Id.) Plaintiff contends that there have been improper mortgage company procedures, both servicing through an independent broker and otherwise, and improper noticing of the mortgage note and deed activities. (Id. at 4-5.) He asserts that due to the cloud on the title of the property there is no definitive claim of ownership of the note because of the divergent paths taken by the note and deed of trust. (Id. at 5.) Plaintiff asserts that since there is no valid trustee deed Defendant's claim to the property is null and void. (Id.)

Plaintiff brings this action alleging violations of 42 U.S.C. § 264(e), 42 C.F.R. § 70.2, 5 U.S.C. § 553(b)(3)(b) and is seeking criminal penalties under 18 U.S.C §§ 3559, 3571; 42 U.S.C. §§ 243, 268, 271; and 42 C.F.R. § 70.18. (Compl. 3.) He also states that the improper mortgage company procedures denied him of due process and this action is for fraud, negligence, and misrepresentation. (Id. at 5.) Plaintiff is seeking monetary and punitive damages in the amount of $400,000.00. (Id.)

Based upon review of the exhibits that are attached to the complaint, the subject property was sold at a trustee sale on November 23, 2020, and the proceeds exceeded the amount of the foreclosure and indebtedness that was owed to the foreclosing beneficiary. (Notice of Surplus Proceeds, ECF No. 1 at 9.) On December 4, 2020, Plaintiff was served with a notice that the property had been purchased at a trust deed foreclosure sale in accordance with section 2924 of the California Civil Code on November 23, 2020 and they had three days if a tenant and ninety days if a former owner to quit and deliver up possession of the property. (Three and Ninety Day

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1    Notice to Quit, ECF No. 1 at 14.)

2                                   **III.**

3                              **DISCUSSION**

4           Plaintiff's complaint fails to allege sufficient facts to state a plausible claim in this action

5    for the reasons discussed below.

6           **A.      Federal Question Jurisdiction**

7           The complaint states that federal question jurisdiction exists in this action.  Federal courts

8    are courts of limited jurisdiction and their power to adjudicate is limited to that granted by

9    Congress.  U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000).  Pursuant to 28 U.S. C. § 1331,

10   federal courts have original jurisdiction over "all civil actions arising under the Constitution,

11   laws, or treaties of the United States.  "A case 'arises under' federal law either where federal law

12   creates the cause of action or where the vindication of a right under state law necessarily turns on

13   some construction of federal law."  Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088

14   (9th Cir. 2002) (internal punctuation omitted) (quoting Franchise Tax Bd. v. Construction

15   Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983) (citations omitted)).   "[T]he presence or

16   absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which

17   provides that federal jurisdiction exists only when a federal question is presented on the face of

18   the plaintiff's properly pleaded complaint."   Republican Party of Guam, 277 F.3d at 1089

19   (citations omitted).

20          For the reasons discussed below, Plaintiff's complaint fails to allege facts to state a claim

21   based on any violation of his constitutional rights or federal law.

22          1.      42 U.S.C. § 264(e)

23          Plaintiff brings this action under 42 U.S.C. § 264 which addresses regulations to control

24   communicable diseases.  Specifically, Plaintiff cites to subsection e which states, "Nothing in

25   this section or section 266 of this title, or the regulations promulgated under such sections, may

26   be construed as superseding any provision under State law (including regulations and including

27   provisions established by political subdivisions of States), except to the extent that such a

28   provision conflicts with an exercise of Federal authority under this section or section 266 of this

                                         4

title."  Section 266 authorizes the Secretary to provide regulations and to quarantine persons to protect the military and naval forces and war workers of the United States during times of war. 42 U.S.C. § 266.  Section 264 does not apply to the claims raised in this action.

2.      42 C.F.R. § 70.2

Similarly, 42 C.F.R. § 70.2 provides that when the Director of the Centers for Disease Control and Prevention determines that measures taken by state health authorities are insufficient to prevent the spread of any communicable disease, he or she may take any measures necessary to prevent the spread of the disease.  This section does not apply to the claims raised in this action.

3.      5 U.S.C. § 553(b)(3)(B)

The next section relied on by Plaintiff is 5 U.S.C. § 553(b)(3)(B) which addresses the general notice of proposed rulemaking which is inapplicable here.

4.      Criminal Penalties

Plaintiff seeks criminal penalties under 18 U.S.C §§ 3559, 3571; 42 U.S.C. §§ 243, 268, 271; and 42 C.F.R. § 70.18.  "[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." Touche Ross & Co. v. Redington, 442 U.S. 560, 568 (1979) (quoting Cannon v. University of Chicago, 441 U.S. 677, 688 (1979).  Rather, the court is to consider Congress intended to create the private right of action in the statute and begins with the language of the statute itself.  Touche Ross & Co., 442 U.S. at 568.  "Civil causes of action ... do not generally lie under the criminal statutes contained in Title 18 of the United States Code."  Del Elmer; Zachay v. Metzger, 967 F. Supp. 398, 403 (S.D. Cal. 1997).  Here, the sections cited under Title 18 address sentencing and fines for criminal offenses and do not set forth a private cause of action or imply that a cause of action exists to allow Plaintiff to seek a remedy in this action.

Similarly, the public health statutes cited by Plaintiff do not imply that a private cause of action exists nor are they related to Plaintiff's claims regarding the title to the subject property. Section 243 addresses the cooperation between state and federal agencies in controlling epidemics of disease and provides for assistance to the states, that the federal government may

charge reasonable fees to private entities for training personnel, and may provide assistance to states or localities in meeting health emergencies that warrant federal assistance and reimbursement may be required if the Secretary determines it is reasonable under the circumstances. 42 U.S.C. § 243.

Section 268 provides that "[i]t shall be the duty of the customs officers and of Coast Guard officers to aid in the enforcement of quarantine rules and regulations; but no additional compensation, except actual and necessary traveling expenses, shall be allowed any such officer by reason of such services.  42 U.S.C. § 268(b).  Section 271 provides for a fine and imprisonment for any person who disregards a quarantine rule or regulation without the permission of the quarantine officer; and for forfeiture of up to $5,000.00 that would become a lien on the vessel for any vessel that does not possess a bill of health or violates any regulations under section 267 or 269 of Title 42, or enters in "or departs from the limits of any quarantine station, ground, or anchorage in disregard of the quarantine rules and regulations or without permission of the officer in charge." 2 U.S.C. § 271(a)(b).  "In all such proceedings the United States attorney shall appear on behalf of the United States; and all such proceedings shall be conducted in accordance with the rules and laws governing cases of seizure of vessels for violation of the revenue laws of the United States."  42 U.S.C. § 271(b).  Finally, 42 C.F.R. § 70.18 provides for fines and imprisonment for violations of quarantine regulations.  The federal statutes do not provide for a private cause of action nor are they relevant to the substance of Plaintiff's claims in this action.

>    5.    Section 1983

Plaintiff contends that Defendant has violated his right to due process through improper mortgage company procedures, in servicing through an independent broker/realtor and improper noticing of the mortgage note and deed activities.  (Compl. at 5.)  Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

In this action, Plaintiff names as a defendant the company that was servicing his mortgage.  An individual acts under color of state law under section 1983 where he has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' "  West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)).  This does not require that the defendant be an employee of the state, but he must be "a willful participant in joint action with the State or its agents.  Private persons, jointly engaged with state officials in the challenged action, are acting see 'under color' of law for purposes of § 1983 actions."  Dennis v. Sparks, 449 U.S. 24, 27–28 (1980).  Here, there are no facts alleged by which the Court could infer that Defendant was acting under color of law in servicing the mortgage on the subject property nor that state action was involved in the transfer of the deed of trust or mortgage note.

Further, to the extent that Plaintiff seeks to allege a due process violation based upon the nonjudicial foreclosure on his property, "[t]he Ninth Circuit Court of Appeals has held that a private entity's use of a state's non-judicial foreclosure procedures does not constitute state action sufficient to support a claim of a violation of Fourteenth Amendment due process rights under Section 1983."  Kuder v. Haas, No. 2:10-CV-00404, 2010 WL 4983455, at *5 (E.D. Cal. Dec. 2, 2010), report and recommendation adopted, No. 2:10-CV-00404-MCE, 2011 WL 346442 (E.D. Cal. Feb. 1, 2011).

Plaintiff has failed to allege any claims that would provide federal question jurisdiction in this action.

### B.    Jurisdiction Based on Diversity of Citizenship

Plaintiff also alleges that diversity jurisdiction exists.  District courts also have original jurisdiction of all civil actions between citizens of different States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).  This requires complete diversity of citizenship and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."  Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted).

1    Here, Plaintiff alleges that he is citizen of California and that Defendant is a corporation
2    organized in and with its principle place of business in Texas.  Courts may take judicial notice of
3    "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily
4    determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid.
5    201(b).  The Court takes judicial notice of the records of the State of Texas.  Daniels –Hall v.
6    National Educ. Ass'n, 629 F.3d 992, 998-99 (9th Cir. 2010).  The records of the Comptroller's
7    Office for the State of Texas show that Rushmore Loan Management Services is a limited
8    liability company, not a corporation.  See Public Information Report for Rushmore Loan
9    Management Services LLC, available at https://mycpa.cpa.state.tx.us/coa, search Rushmore
10   Loan Management Services, last visited January 7, 2021.  A limited liability company is a citizen
11   of every state of which its owners or members are citizens.  Johnson v. Columbia Properties
12   Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).  Plaintiff has not alleged the citizenship of the
13   owners or members of Rushmore Loan Management Company and therefore diversity of
14   citizenship has not been shown to exist.

15   Plaintiff was provided with the opportunity to file an amended complaint to correct the
16   deficiencies in alleging diversity of citizenship, but did not do so.  Even assuming that Plaintiff's
17   allegations were sufficient to allege that diversity jurisdiction existed in this action, Plaintiff has
18   not sufficiently alleged facts to state a claim under California law.  Plaintiff was advised of the
19   deficiencies in the state law causes of action brought in the complaint and failed to file an
20   amended complaint to address the deficiencies.

21       1.    Fraud

22   While Rule 8 applies to the other claims in this action, allegations of fraud are subject to
23   the pleading requirement of Rule 9 of the Federal Rules of Civil Procedure.  Rule 9 provides that
24   "[i]n alleging fraud or mistake, a party must state with particularity the circumstances
25   constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  This requires a plaintiff to plead with "more
26   specificity including an account of the time, place, and specific content of the false
27   representations as well as the identities of the parties to the misrepresentations."  Swartz v.
28   KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (internal punctuation and citations omitted).

Plaintiff's conclusory allegation of fraud is insufficient to plead fraud with particularity as required under Rule 9.

> To allege fraud with particularity, a plaintiff must set forth more than the neutral facts necessary to identify the transaction.  The plaintiff must set forth what is false or misleading about a statement, and why it is false.  In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading.  A plaintiff might do less and still identify the statement complained of; indeed, the plaintiff might do less and still set forth some of the circumstances of the fraud.  But the plaintiff cannot do anything less and still comply with Rule 9(b)'s mandate to set forth with particularity those circumstances which constitute the fraud.

In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994).

The elements of a fraud claim under California law are "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage."  Kearns v. Ford Motor Co., 567 F.3d 1120, 1126 (9th Cir. 2009); Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996).  Plaintiff has failed to allege his claim of fraud with particularity as required by Rule 9.

### 2.   Misrepresentation

Plaintiff makes conclusory allegations of misrepresentation which are insufficient to state a cognizable claim.  "The elements of a cause of action for intentional misrepresentation are (1) a misrepresentation, (2) with knowledge of its falsity, (3) with the intent to induce another's reliance on the misrepresentation, (4) actual and justifiable reliance, and (5) resulting damage." Zetz v. Bos. Sci. Corp., 398 F. Supp.3d700, 712 (E.D. Cal. 2019) (quoting Daniels v. Select Portfolio Servicing, Inc., 246 Cal.App.4th 1150, 1166 (2016).  The elements of negligent misrepresentation are: "(1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages."  Zetz, 298 F.Supp.3d at 713 (quoting Fox v. Pollack, 181 Cal.App.3d 954, 962 (1986)).

As Plaintiff was advised in the screening order, a claim that a defendant engaged in a unified course of fraudulent conduct is grounded in fraud and the complaint as a whole must

1   satisfy the particularity pleading requirement of Rule 9(b).  <u>Kearns</u>, 567 F.3d at 1125; <u>Vess v.</u>

2   <u>Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1104 (9th Cir. 2003).   Therefore, a fraudulent

3   misrepresentation claim is also subject to pleading requirement of Rule 9.   <u>See</u> <u>Zetz</u>, 298

4   F.Supp.3d at 713.  Plaintiff has failed to identify a misrepresentation of material fact or any

5   reliance upon the misrepresented fact that would state a cognizable claim for misrepresentation.

6              3.    <u>Negligence</u>

7        Plaintiff makes a conclusory allegation of negligence that is insufficient to state a

8   plausible claim.  Under California law "[t]he elements of a negligence cause of action are: (1) a

9   legal duty to use due care; (2) a breach of that duty; (3) the breach was the proximate or legal

10  cause of the resulting injury; and (4) actual loss or damage resulting from the breach of the duty

11  of care."  <u>Brown v. Ransweiler</u>, 171 Cal.App.4th 516, 534 (2009); <u>accord</u> <u>Mendoza v. City of</u>

12  <u>Los Angeles</u>, 66 Cal.App.4th 1333, 1339 (1998).  Plaintiff's complaint fails to allege any facts

13  that would lead the court to reasonably infer that Defendant had a legal duty to use care and

14  breached that duty which was the proximate cause of Plaintiff's resulting injury.  <u>Iqbal</u>, 556 U.S.

15  at 678-79.

16           **C.    Failure to Comply with Court Order**

17        Plaintiff was ordered to file an amended complaint within thirty days of January 8, 2021.

18  (ECF No. 4.)  On January 21, 2021, Plaintiff filed an exhibit to the complaint.  (ECF No. 5.)  On

19  January 22, 2021, the Court reviewed the exhibit and found that it contained no factual

20  allegations that would change the finding that Plaintiff's complaint failed to state a claim and the

21  exhibit was disregarded.  (ECF No. 6.)  Plaintiff did not file an amended complaint within thirty

22  days of January 8, 2021, nor did he request an extension of time to do so.

23        Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these

24  Rules or with any order of the Court may be grounds for imposition by the Court of any and all

25  sanctions . . . within the inherent power of the Court."  The Court has the inherent power to

26  control its docket and may, in the exercise of that power, impose sanctions where appropriate,

27  including dismissal of the action.  <u>Bautista v. Los Angeles County</u>, 216 F.3d 837, 841 (9th Cir.

28  2000); <u>Ready Transp., Inc. v. AAR Mfg., Inc.</u>, 627 F.3d 402, 404 (9th Cir. 2010).

1    A court may dismiss an action based on a party's failure to prosecute an action, failure to

2  obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52,

3  53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d

4  1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended

5  complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to

6  comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v.

7  United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply

8  with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack

9  of prosecution and failure to comply with local rules).  Where a plaintiff fails to file an amended

10  complaint after being provided with leave to amend to cure the failure to state a claim, a district

11  court may dismiss the entire action.  Lira v. Herrera, 427 F.3d 1164, 1169 (9th Cir. 2005).

12    In determining whether to dismiss an action for failure to comply with a pretrial order,

13  the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the

14  court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

15  policy favoring disposition of cases on their merits; and (5) the availability of less drastic

16  sanctions."  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226

17  (9th Cir. 2006); Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir.

18  1986).  These factors guide a court in deciding what to do, and are not conditions that must be

19  met in order for a court to take action.  In re Phenylpropanolamine (PPA) Products Liability

20  Litigation, 460 F.3d at 1226.

21    In this instance the public's interest in expeditious resolution of the litigation and the

22  Court's need to manage its docket weigh in favor of dismissal.  Plaintiff was ordered to file an

23  amended complaint to cure the deficiencies that were identified in the screening order within

24  thirty days of January 8, 2021.  Plaintiff has been provided with the legal standards that would

25  apply to his claims and the opportunity to file an amended complaint.  Plaintiff has neither filed

26  an amended complaint nor sought an extension of time to comply with the Court's order.

27  Plaintiff's failure to comply with the orders of the Court hinders the Court's ability to move this

28  action towards disposition, and indicates that Plaintiff does not intend to diligently litigate this

action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue. Plaintiff's complaint fails to state a cognizable claim, and the action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, the Court has considered the availability of alternative sanctions and finds that they would not be adequate to address Plaintiff's non-compliance in this matter. Plaintiff is proceeding in forma pauperis and therefore monetary sanctions would be unavailable. There is no operative pleading on which this action would be able to proceed and evidentiary sanctions would serve no purpose. Further, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's January 8, 2021 order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed consistent with the reasons stated in this order." (ECF No. 4 at 11.) Thus, Plaintiff had adequate warning that dismissal of this action would result from his noncompliance with the Court's order and his failure to state a claim.

## IV.

## CONCLUSION AND RECOMMENDATION

For the reasons discussed, Plaintiff has failed to state a cognizable claim for a violation of his federal rights. Plaintiff was granted the opportunity to correct the deficiencies in his complaint, but did not comply with the order requiring any amended complaint to be filed within

thirty days of January 8, 2021.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.  Plaintiff's complaint, filed January 4, 2021, be dismissed for failure to state a claim; and

2.  This action be dismissed for Plaintiff's failure to comply and failure to prosecute.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **thirty (30) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 19, 2021**

UNITED STATES MAGISTRATE JUDGE